# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-00279-FDW

| | |
|---|---|
| ROBERT SIX,  )<br>  )<br>　　Plaintiff,  )<br>  )<br>v.  )<br>  )<br>WELLS FARGO & COMPANY; LIBERTY  )<br>LIFE ASSURANCE COMPANY OF  )<br>BOSTON; AND WELLS FARGO &  )<br>COMPANY GROUP DISABILITY  )<br>INCOME POLICY PLAN,  )<br>  )<br>　　Defendants.  )<br>  ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Application For Admission To Practice *Pro Hac Vice*" (Document No. 55) filed by John W. Sulau, concerning Robert M. Wood on July 1, 2015. Mr. Wood seeks to appear as counsel *pro hac vice* for Defendants. Upon review and consideration of the motion, which was accompanied by submission of the necessary fee, the Court will grant the motion.

Also before the Court is Defendants' Motion for Extension for Time to Answer Plaintiff's Complaint (Doc. No. 6). Motions of this kind are generally referred to a magistrate judge; however, in this rare instance, all magistrate judges are recused from this matter. Accordingly, the Court inadvertently overlooked this pending motion. Nevertheless, the Court GRANTS the motion *nunc pro tunc* allowing Defendants until July 13, 2015, to file their Answer and any other responsive pleading. The Court notes that Defendants filed their Answer and a Motion to Dismiss on July 13, 2015, and the Court therefore deems these documents timely filed.

Also before the Court, *sua sponte*, is defense counsel's multiple failures to follow this Court's standing orders. The Court notes that Defendants filed their motion for extension of time on July 2, 2015, the day of the original deadline to respond, in violation of this Court's standing orders. See INITIAL SCHEDULING ORDER, Entered pursuant to the Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney, Misc. No. 3:07-MC-47 (Doc. No. 2., pp. 4-5)[1] ("Any motion to extend the foregoing time and/or word limitations shall be filed immediately upon counsel learning of the need for the same and in any event no fewer than three (3) business days in advance of the filing deadline sought to be modified."). In addition, Defendant's Motion to Dismiss fails to contain a certification of word count that it is 4,500 words or less. Id. at p. 4 ("The memorandum of law shall include a certificate by the attorney (or the party if unrepresented), subject to Rule 11 that the submission complies with the foregoing word limitation. Non-complying briefs will be stricken summarily from the record."). Accordingly, the Court summarily STRIKES Defendants' Motion to Dismiss, but will permit defense counsel until midnight on July 15, 2015, to re-file its motion in compliance with the Court' standing orders.[2]

Counsel for all parties, particularly out of district counsel who may not be familiar with this Court's standing orders, are hereby instructed to **immediately** familiarize themselves with those standing orders. <u>Counsel is cautioned that the Court may not be so lenient in its treatment of violations to standing orders going forward in this matter.</u>

**IT IS, THEREFORE, ORDERED** that in accordance with Local Rule 83.1, the "Application For Admission To Practice *Pro Hac Vice*" (Document No. 5) is **GRANTED.** Mr. Wood is hereby admitted *pro hac vice* to represent Defendants. Defendants' Motion for Extension

---

[1] This document is found on the docket for the instant case with a link to the standing orders pursuant to an entry made by the Clerk's office on June 26, 2015.

[2] The Court notes the motion also lacked the requisite certificate of service.

of Time (Doc. No. 6) is also **GRANTED** *nunc pro tunc*, and the Court deems Defendants' Answer and Motion to Dismiss to be timely filed; however, the Motion to Dismiss (Doc. No. 8) is summarily **STRICKEN** and shall be filed in accordance with this Court's standing orders no later than midnight, July 15, 2015.

  **IT IS SO ORDERED**.

Signed: July 14, 2015

Frank D. Whitney
Chief United States District Judge